William J. **HAIRSTON**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 19594.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 23, 1966.

Decided March 31, 1966.

---

Mr. Milton V. Freeman, Washington, D. C. (appointed by this Court), for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and LEVENTHAL, Circuit Judges.

PER CURIAM.

Appellant was convicted after a jury trial of assault with intent to rob (D.C. Code § 22–501) and assault with a dangerous weapon (D.C.Code § 22–502), and was sentenced to terms of imprisonment, up to six years on the former offense, to be served concurrently.

Counsel appointed by this court vigorously presses the contention that appellant was prejudiced by the fact that preliminary examination was waived and hence trial counsel did not have the benefit at trial and in preparation for trial of defense cross-examination of the prosecution's witnesses, and examination of the real evidence, proffered at the preliminary examination provided for in F.R.Crim.P. Rule 5.

Reliance is placed on our rulings in Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964, and Dancy v. United States, Nos. 18366, 18716, opinion October 14, 1965, modified February 11, 1966, 124 U.S. App.D.C. ——, 361 F.2d 75. Blue expounds the statutory right to counsel, under the District of Columbia Legal Aid Act, of the arrested person brought before the commissioner. In Dancy de-

fendant was without counsel at the preliminary examination, which was held before the issuance of Blue.

Appellant's case, however, arose after Blue had made its appearance. The D. C. Court of General Sessions did appoint counsel for appellant when he was brought there following the arrest. Appellant conferred with counsel before preliminary examination was waived. It is not alleged that appellant did not participate in the decision to waive preliminary hearing. We do not know the nature of their conference, but we cannot say that there was no basis for an informed decision to waive preliminary examination, a waiver which is specifically provided for in Rule 5(c). The possibilities of prejudice are speculative. We see no basis for reversal.

Affirmed.